United States District Court
Southern District of Texas

**ENTERED**

April 09, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


RAMOS TORRES,                          §
                                       §
              Petitioner,              §
                                       §
v.                                     §      CIVIL ACTION NO. H-26-2004
                                       §
PAMELA BONDI, et al.,                  §
                                       §
              Respondents.             §


### ORDER


On March 12, 2026, Ramos Torres ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  On March 13, 2026, the court entered an order (Docket Entry No. 4) stating:

> Unless Petitioner can distinguish his case from the decisions of this court cited above within 10 days from the entry of this order, the court will deny Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and will dismiss this action.

On March 23, 2026, Petitioner filed a response reasserting that his detention without a bond hearing to determine whether he is a flight risk or danger to the community violates procedural and

---

[1] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition for Writ of Habeas Corpus"), Docket Entry No. 1.

-1-

substantive due process.[2]         However, as the court explained in the order it entered on March 13, 2026, "a claim under the Due Process Clause of the Fifth Amendment fails because the Supreme Court has recognized that detention during removal proceedings is a constitutionally permissible part of that process."[3]  Moreover, as explained in <u>Jacobo-Ventura,</u> Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

Because Petitioner has failed to distinguish his case from the decisions of this court, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED,** and a final judgment will be entered dismissing the action with prejudice.

---

[2]Petitioner's Brief in Compliance, Docket Entry No. 5, pp. 2-6.

[3]Order, Docket Entry No. 4, p. 2.

-2-

The clerk will provide a copy of this order and the Final Judgment to counsel for the Petitioner and to the United States Attorney.

**SIGNED** at Houston, Texas, on this 9th day of April, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE